IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| VICTOR MANUEL GARCIA ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26-cv-2780 (AJT-IDD) |

**ORDER**

Before the Court is Petitioner Victor Manuel Garcia Alvarez's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition").

Petitioner is citizen of El Salvador, who entered the United States without inspection on or around August 30, 2013. *Id.* ¶¶ 12, 17. He was detained by immigration officials on or about September 1, 2013, and promptly expressed a fear of return to El Salvador. *Id.* ¶ 17. On November 13, 2013, DHS served Petitioner with a Notice to Appear charging him as inadmissible under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), and initiated removal proceedings under 8 U.S.C. § 1229a; he was released on bond during the pendency of his removal proceedings. *Id.* ¶ 18. On April 4, 2019, an Immigration Judge ordered Petitioner removed to El Salvador but granted him withholding of removal to El Salvador under the regulations implementing Article III of the United Nations Convention Against Torture, and that order was not appealed, thus rendering it administratively final. *Id.* ¶ 20. On July 26, 2026, while appearing for a scheduled check-in at an Immigration and Customs Enforcement ("ICE") field office, Petitioner was arrested and taken into civil immigration detention. *Id.* ¶ 24. He remains detained at the Caroline Detention Facility. *Id.* ¶ 8.

On September 1, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Benitez Pineda v. Noem,* 1:25-CV-02337-AJT WBP, Doc. No. 17 (E.D. Va. Mar. 2, 2026), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Benitez Pineda*, that Petitioner's OSUP was revoked, *inter alia*, by an official not authorized to do so and without the requisite findings made in the notice of revocation of release, in violation of the *Accardi* doctrine and his fifth amendment right of procedural due process. *See Accardi v. Shaughnessy,* 347 U.S. 260 (1954). His continued detention is therefore unlawful, and the Court has jurisdiction under 28 U.S.C. § 2241 to order his release.

For all the above reasons, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents' arrest and re-detention of Petitioner is **VACATED**, and Respondents shall release him from detention immediately with all his personal possessions and under whichever conditions of supervision (if any) he was previously subject to; and it is further

**ORDERED** that Respondents are **ENJOINED** from re-detaining the Petitioner based on a revocation of an Order of Supervision without first complying in all respects with the applicable regulations concerning the revocation of his Order of Supervision, as identified herein, including stating in the Notice the specific factual basis for any claim of "change in circumstances," and if the stated change in circumstances relates to a significant likelihood of removal in the reasonably foreseeable future, the factual basis for that claimed change, including what efforts have been made to locate a country for removal, the name of the country to which Petitioner will be removed and the authorizations received from that country for that removal.

All other claims and forms of relief requested in the Petition are denied without prejudice.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Anthony J. Trenga
Senior U.S. District Judge

September 1, 2026
Alexandria, Virginia